UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

HAROLD E. JONES,
Plaintiff,

vs.

COMMISSIONER OF
SOCIAL SECURITY,
Defendant.

Case No. 1:15-cv-465
Barrett, J.
Litkovitz, M.J.

ORDER

This matter is before the Court on plaintiff's motion for attorney fees under the Social Security Act, 42 U.S.C. § 406(b)(1) (Doc. 24) and the Commissioner's response in opposition to the motion (Doc. 25).

On August 10, 2016, the Court reversed the decision of the Commissioner and remanded this matter for further administrative proceedings pursuant to Sentence Four of 42 U.S.C. § 405(g). (Doc. 22). On remand, the Commissioner determined that plaintiff was disabled. (*See* Notice of Award, Doc. 24, Exh. A). Plaintiff represents that $6,000.00 in attorney fees have been awarded and paid to counsel for work performed at the administrative level. (*Id.* at 1; Exh. B at 2). Plaintiff asserts that acting pursuant to § 406(b)(1)(A), the Commissioner withheld 25 percent of past-due benefits - or $16,926.00 - as a potential contingency fee to be awarded to plaintiff's counsel. (Doc. 24 at 1; Exh. A at 3). From that amount, plaintiff now seeks an award of $6,200.00 in attorney fees available under § 406(b) for work counsel performed before the Court. (Doc. 24 at 3). The $6,200.00 requested represents approximately 21 percent of plaintiff's past-due benefits payable through December 2016 ($56,748.86), less the amount

awarded by the Commissioner for work performed at the administrative level ($6,000).[1] (*Id.* at 1, 3; Exh. A at 3; Exh. B).

The Commissioner argues that the Court must deny plaintiff's motion based on a lack of documentation as to (1) the amount of time counsel spent working on this case in the district court, and (2) counsel's hourly rate. The Commissioner does not object to the Court giving plaintiff an opportunity to submit the necessary documentation.

Plaintiff has not supported the motion for attorney fees with a time record from his counsel detailing the amount of time counsel spent on each task related to the prosecution of this case in the district court. Nor has plaintiff provided an affidavit or other evidence from counsel in support of the requested hourly rate, including counsel's non-contingent fee hourly rate. Thus, the Court cannot determine from the record whether the hours counsel spent on this case and the hourly rate requested are reasonable.

Further, plaintiff states that attorney fees were not sought or awarded under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (Doc. 24 at 3). The Court notes that the time for doing so has expired. *See* 28 U.S.C. § 2412(d)(1)(B) (providing that a party seeking an EAJA award must submit an application within 30 days of final judgment); *Jones v. Comm'r of Social Security*, No. 1:14-cv-748, 2017 WL 1745569, at *4 (S.D. Ohio May 04, 2017). This Court has previously held that where an attorney fails to submit an EAJA fee application on his client's behalf, a deduction from counsel's § 406(b) award equal to the amount the plaintiff likely would have received had plaintiff's counsel submitted an EAJA fee application is

---

[1] Plaintiff was initially awarded $91,704.00 in past due benefits for the period March 2011 through November 2016. (Doc. 24 at 1; Exh. A at 3). The Social Security Administration withheld $16,926.00 from past due benefits payable through December 2016 for attorney fees. (*Id.*). Plaintiff's benefits were subsequently reduced by $34,955.14 to account for his receipt of Supplemental Security Income beginning in May 2012. (Doc. 24 at 1; Exh. B at 1).

2

appropriate.[2] *Jones*, 2017 WL 1745569, at *4. The undersigned explained the reasons for the deduction in *Jones*:

> [A]n EAJA award "is authorized against the public fisc," but a § 406(b) award "comes out of the claimant's disability monies." *Meyers v. Heckler*, 625 F. Supp. 228, 231 (S.D. Ohio 1985) (citing *Eustache v. Sec'y of Dep't of Health & Human Servs.*, 601 F. Supp. 176, 178 (E.D.N.Y. 1985)). Further, "[a]n application under the EAJA is deemed to be made on behalf of the claimant by counsel, rather than, as with section 406, by counsel 'against' his or her client and on his or her own behalf." *Id.* (quoting *Eustache*, 601 F. Supp. at 178). "Accordingly, any funds awarded pursuant to the EAJA serve as a reimbursement to the claimant for fees paid out of his or her disability award to his or her counsel." *Id.*
>
> Given this relationship between § 406(b) and the EAJA, the Southern District of Iowa has concluded: "Nowhere is there a greater conflict of interest involved than in the fee-settings involved in Social Security disability matters, especially when an attorney *only* seeks payment from [his] client and does not attempt to shift fee payment to the government." *Shepherd v. Apfel*, 981 F. Supp. 1188, 1192 (S.D. Iowa 1997) (emphasis retained). *See also Taylor v. Heckler*, 608 F. Supp. 1255, 1259 (D.N.J. 1985) ("The court believes that more frequent invocation of the EAJA will have an additional salutary effect: it will ameliorate the conflict of interest between attorney and client."). Faced with fee motions under § 406(b) by attorneys who did not submit EAJA applications, courts have reduced the amount of a § 406(b) award by the amount that likely would have been awarded under the EAJA if an EAJA application had been granted. *See, e.g., Dixon v. Comm'r of Soc. Sec.*, No. 10-cv-5703, 2013 WL 5299561, at *4 (D.N.J. Sept. 18, 2013) (reducing § 406(b) award by the $5,643.75 that likely would have been awarded if counsel had filed an EAJA application); *Harlow v. Astrue*, 610 F. Supp.2d 1032, 1035 (D. Neb. 2009) (declining to award any of the $5,524.60 requested under § 406(b) because counsel "might have recovered up to $7,517.13 if he had applied for an award of attorney fees under the EAJA"); *Benton v. Comm'r of Soc. Sec.*, No. 03-cv-3154, 2007 WL 2027320, at *3 (E.D.N.Y. May 17, 2007) (reducing § 406(b) award by the $4,187.50 that likely would have been awarded if counsel had filed an EAJA application).

*Jones*, 2017 WL 1745569, at *4.

Consistent with this reasoning, a deduction from counsel's § 406(b) award equal to the amount plaintiff likely would have received had his counsel submitted an EAJA fee application appears to be appropriate. It is not clear why counsel did not submit an EAJA fee application.

---

[2] The EAJA fee amount is calculated by multiplying the total number of compensable hours of work by counsel's usual hourly rate. *See Jones*, 2017 WL 1745569, at *4.

3

The Court therefore will give counsel an opportunity to show cause why the likely EAJA fee award should not be deducted from the § 406(b) fee award, and to submit documentation on counsel's regular hourly rate and the number of hours devoted to work on this case before the district court, before ruling on plaintiff's § 406(b) motion.

**IT IS THEREFORE ORDERED THAT:**

The motion for attorney fees under § 406(b) is **DENIED SUBJECT TO RECONSIDERATION** upon submission of the supporting materials described above and counsel's response to the Order to Show Cause.

Plaintiff's counsel shall have **fourteen (14) days** from the date of this Order to (1) **SHOW CAUSE**, in writing, why the § 406(b) fee award should not be reduced by the amount plaintiff likely would have received had his counsel filed an EAJA fee application, and (2) submit documentation as to counsel's regular hourly rate and the number of hours counsel spent working on the case before the district court. The Commissioner shall have **fourteen (14) days** from the date of counsel's filing to respond.

Date: 4/24/18

Karen L. Litkovitz
United States Magistrate Judge